IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-01557-PAB-SBP

THOMAS J. DAY,

      Plaintiff,

v.

FREEDOM MORTGAGE CORPORATION, et al.,

      Defendants.

---

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATIONS**

---

This matter comes before the Court on the Reports and Recommendations of the United States Magistrate Judge [Docket Nos. 68-71]. Plaintiff filed objections. Docket No. 75. Defendants Alpine Mortgage, Trent T. Lauridson, and Jason S. Buckley (collectively, the "Alpine Defendants") filed a response. Docket No. 76. The Court has jurisdiction pursuant to 28 U.S.C. §1331.

## I. BACKGROUND

The facts are set forth in the magistrate judge's recommendations, Docket No. 68 at 2-6; Docket No. 69 at 2-6; Docket No. 70 at 2-3, and the Court adopts them for purposes of ruling on the objections. To the extent that plaintiff disputes how the magistrate judge construed certain facts, the Court considers and resolves those arguments below.

On June 6, 2025, plaintiff filed his amended complaint. Docket No. 4. The complaint asserts claim for violation of the Truth in Lending Act ("TILA") (Claim One);

violation of the Fair Debt Collection Practices Act ("FDCPA") (Claim Two); violation of

the Real Estate Settlement Procedures Act ("RESPA") (Claim Three); violation of the

Fifth and Fourteenth Amendments of the United States Constitution pursuant to 42

U.S.C. § 1983 (Claim Four); violation of the Colorado Consumer Protection Act

("CCPA") (Claim Five); and for fraud pursuant to Colorado common law and the Uniform

Commercial Code ("U.C.C.") (Claim Six).  *See id.* at 3-6.

Claim One is asserted against defendants Amanda Ferguson, Heather Deere,

Freedom Mortgage Corporation ("Freedom"); Claim Two is asserted against the Alpine

Defendants, Ms. Ferguson, Ms. Deere, and Freedom; Claim Three is asserted against

Freedom; Claim Four is asserted against the Alpine Defendants, Ms. Ferguson, Ms.

Deere, and Freedom; Claim Five is asserted against the Alpine Defendants, Ms.

Ferguson, Ms. Deere, and Freedom; and Claim Six is asserted against the Alpine

Defendants, Ms. Ferguson, Ms. Deere, and Freedom.  *See id.*

Plaintiff's claims arise out of two foreclosure proceedings initiated by Freedom

and Alpine in state court on the property located at 106 Rachel Lane, Breckenridge,

Colorado: *Freedom Mortg. Co. v. Day,* Case No. 2025CV030103 (Summit Cnty. Dist.

Ct.), and *Alpine Bank v. Day*, Case No. 2025CV030090 (Summit Cnty. Dist. Ct.).[1]  *See*

Docket No. 4 at 3-8.  In the foreclosure proceedings, plaintiff asserted counterclaims

that mirrored several of the claims that he brings in this case.  *See Alpine Bank*, Case

---

[1] The Court takes judicial notice of the state court dockets in Case Nos.
2025CV030103 and Case No. 2025CV030090.  *See Tal v. Hogan*, 453 F.3d 1244, 1264
n.24 (10th Cir. 2006) (holding that a court may take judicial notice of facts which are a
matter of public record when considering a motion to dismiss); *Stan Lee Media, Inc. v.
Walt Disney Co.*, 774 F.3d 1292, 1298 n.2 (10th Cir. 2014) (noting that a court may
"take judicial notice of documents and docket materials filed in other courts").

No. 2025CV030090.  On July 9, 2025, the state court dismissed all counterclaims with prejudice.  *See id.*  On October 17, 2025, the state court entered partial summary judgment in Alpine's favor.  *See id.*  On November 18, 2025, the court certified that ruling as final pursuant to Colorado Rule of Civil Procedure 54(b) and dismissed Alpine's remaining claims without prejudice.  *See id.*  Plaintiff appealed the state court's order and that appeal remains ongoing.  *See id.*

The recommendation finds that plaintiff's claims are subject to dismissal with prejudice because they "rest on legally-unsupported theories concerning loan consideration and debt extinguishment."  Docket No. 68 at 8; Docket No. 69 at 7; Docket No. 70 at 7.  Additionally, the recommendation finds that plaintiff's claims are subject to dismissal with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).  *See* Docket No. 68 at 12; Docket No. 69 at 11; Docket No. 70 at 11.

## II.    LEGAL STANDARD

### A.  Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible."  *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)).  Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds

3

upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting

*Twombly*, 550 U.S. at 555) (alterations omitted).  A court, however, does not need to

accept conclusory allegations.  *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th

Cir. 1994) ("we are not bound by conclusory allegations, unwarranted inferences, or

legal conclusions").

"[W]here the well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct, the complaint has alleged – but it has not shown – that

the pleader is entitled to relief *Iqbal*, 556 U.S. at 679 (quotations and alterations

omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across

the line from conceivable to plausible in order to survive a motion to dismiss." (quoting

*Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so general that they

encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a

plausible claim.  *Khalik*, 671 F.3d at 1191 (quotations omitted).  Thus, even though

modern rules of pleading are somewhat forgiving, "a complaint still must contain either

direct or inferential allegations respecting all the material elements necessary to sustain

a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations

omitted).

### B.  Objections to the Magistrate Judge Recommendations

The Court must "determine de novo any part of the magistrate judge's disposition

that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if

it is both timely and specific*.  United States v. One Parcel of Real Prop. Known as 2121

E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*").  A specific objection

"enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or is contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because plaintiff is proceeding *pro se*, the Court will construe his objections and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III.    ANALYSIS

Plaintiff raises five objections, which the Court addresses in turn.

### A.  Objection One

Plaintiff argues that the magistrate judge erroneously characterized his legal theories as "frivolous" and being based on the "'vapor money' theories." *See* Docket No. 75 at 2-3. Plaintiff contends that he brings "legitimate constitutional challenges" because defendants "provided zero evidence of funding, original, wet-ink note, or valid assignment." *See id.* at 3. Plaintiff additionally argues that the recommendation failed to afford his pleadings a "liberal construction" and "draw inferences in Plaintiff's favor on a 12(b)(6) motion." *See id.*

The recommendation finds that plaintiff's claims are based on a "redemptionist" or "vapor money" theory, pursuant to which borrowers "contend that debts arising from loans funded through credit – rather than physical currency or specie – are unenforceable, lack consideration, or may be discharged through unilateral demands for proof of funding or presentment of negotiable instruments." Docket No. 68 at 8-9; Docket No. 69 at 8; Docket No. 70 at 8. The recommendation notes that "[c]ourts within the Tenth Circuit and elsewhere have consistently rejected such arguments as legally baseless." Docket No. 68 at 9; Docket No. 69 at 9; Docket No. 70 at 9. Thus, the recommendation finds that dismissal with prejudice of plaintiff's claims is "warranted on this basis alone." Docket No. 68 at 11; Docket No. 69 at 10-11; Docket No. 70 at 10-11.

The Court agrees that plaintiff's claims are premised on a baseless legal theory and that dismissal with prejudice is appropriate. As the recommendation notes, and as plaintiff reiterates in his objection, his claims rest on "the premise that the loan was void or unenforceable due to the alleged absence of lawful consideration or failure of poof of consideration." Docket No. 70 at 10. "Courts have summarily, universally, and rightly rejected this theory." *Mercado v. Transp. Funding, LLC*, 2025 WL 388661, at *3 (D. Kan. Feb. 4, 2025) (collecting cases). Even if plaintiff's claims were based upon a proper legal theory, the complaint fails to plausibly allege any claim as the Court discusses below.

Furthermore, the Court finds that the recommendation afforded plaintiff's pleadings a liberal construction and accepted the well-pleaded allegations of the complaint as true. *See, e.g.*, Docket No. 68 at 6-7 (discussing the legal standard applicable on a Rule 12(b)(6) motion to dismiss and to pro se litigants). Plaintiff does

6

not explain how the magistrate judge failed to apply the appropriate legal standard.

Although plaintiff is entitled to a liberal construction of his pleadings, this does not mean

that the Court must accept claims that lack a legal basis. *See Weeks v. Barkman,* No.

20-cv-00544-PAB-NYW, 2021 WL 4555999, at *10 (D. Colo. Mar. 22, 2021), *report and

recommendation adopted*, 2021 WL 4146001 (D. Colo. Sept. 13, 2021) ("despite the

liberal construction this court affords Plaintiff's filings, this court cannot construct

arguments or advance alternative legal theories on his behalf"). Accordingly, the Court

will overrule plaintiff's first objection.

### B. Objection Two

Plaintiff objects to the recommendation that Claim Four be dismissed because

the complaint fails to plausibly allege that defendants operated under the color of state

law. *See* Docket No. 75 at 3. The recommendation finds that defendants, as private

actors, can only be held liable under § 1983 if defendants engaged in conduct that is

fairly attributable to the state. Docket No. 68 at 15-18; Docket No. 69 at 16-19; Docket

No. 70 at 23-26. The recommendation finds that the complaint lacks allegations

"tending to suggest that state officials and [defendants] have acted in concert in

effecting a particular deprivation of constitutional rights." Docket No. 68 at 18; Docket

No. 69 at 18-19; Docket No. 70 at 25 (internal quotations, alterations, and citations

omitted).

"Under Section 1983, liability attaches only to conduct occurring 'under color of

law.' Thus, under the state action doctrine, a proper defendant in a § 1983 action is one

who represents the state in some capacity." *Schwab v. Kansas Dep't of Child. & Fams*.,

851 F. App'x 110, 117 (10th Cir. 2021) (unpublished) (citations omitted). In *Johnson v.*

7

*Rodrigues*, 293 F.3d 1196, 1202-05 (10th Cir. 2002), the Tenth Circuit discussed four tests used to determine whether private parties should be deemed state actors: (1) the public function test; (2) the nexus test; (3) the symbiotic relationship test; and (4) the joint action test.

"The public function test consists of determining whether the state has delegated to a private party 'a function traditionally exclusively reserved to the States.'" *Id.* at 1203 (quoting *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1456 (10th Cir. 1995)). "Under the nexus test, a plaintiff must demonstrate that there is a sufficiently close nexus between the government and the challenged conduct such that the conduct may be fairly treated as that of the State itself." *Id.* (internal quotations and citation omitted omitted). "Under the analysis referred to as the 'symbiotic relationship test,' the state must have so far insinuated itself into a position of interdependence with a private party that it must be recognized as a joint participant in the challenged activity." *Id.* at 1204 (internal quotations and citation omitted). "Under the joint action test, state action is also present if a private party is a willful participant in joint action with the State or its agents." *Id.* at 1205 (internal quotations and citation omitted).

The Court agrees with the magistrate judge that the complaint is devoid of allegations that plausibly allege that defendants engaged in conduct that is fairly attributable to the state under any of the *Johnson* tests. Plaintiff does not cite allegations from the complaint that show state action, but rather argues that "Private Defendants became state actors by invoking Colorado's foreclosure statutes and state-court processes." *See* Docket No. 75 at 3. The mere fact that private parties use the court system does not constitute joint action with the state. *See Scott v. Hern*, 216 F.3d

897, 906 (10th Cir. 2000) ("A private individual does not engage in state action simply by availing herself of a state procedure.").  Plaintiff argues that *Scott* is distinguishable because there is "no due process tie there."  *See* Docket No. 75 at 3.  To the extent that plaintiff argues that his Fifth Amendment claim means that he need not show state action, *Johnson* is clear that a plaintiff cannot bring a § 1983 claim against a private party without allegations showing that the private party should be deemed a state actor. *See Johnson*, 293 F.3d at 1202-05.  Plaintiff also contends, without support, that "[d]iscovery will prove nexus."  Docket No. 75 at 3.  Plaintiff's mere speculation that discovery will show defendants engaged in conduct that is fairly attributable to the state does not free plaintiff of his obligation to plausibly allege "sufficient factual matter, accepted as true" that "state[s] a claim to relief that is plausible on its face."  *See Iqbal*, 556 U.S. at 678 (internal quotation and citation omitted); *see also Farris v. Stepp*, No. 20-cv-02346-DDD-NYW, 2021 WL 5200210, at *14 (D. Colo. Nov. 9, 2021) ("The speculation that Plaintiff might uncover evidence during discovery which would bolster his claims has no bearing on whether he has met the pleading standards required in federal court.").

Accordingly, the Court will overrule plaintiff's second objection.[2]

## C. <u>Objection Three</u>

Plaintiff argues that the "Younger abstention [is] inapplicable" and that the "Anti-Injunction Act (28 U.S.C. § 2283) has express exception for § 1983."  Docket No. 75 at

---

[2] Plaintiff states, "Best defense: Amend/supplement under FRCP 15(a)(2) ('freely given').'"  Docket No. 75 at 3.  To the extent that plaintiff is requesting leave to amend his complaint, the Court will deny that request because plaintiff fails to comply with the Local Rules of this District for filing an amended complaint.  *See* D.C.COLO.LCivR 15.1; D.C.COLO.LCivR 7.1(d) ("A motion shall be filed as a separate document.").

3.  However, the magistrate judge did not recommend dismissal of any claims on the basis of *Younger* abstention.  *See generally* Docket Nos. 68-70.  The recommendation finds that "[b]ecause this case does not fall into a *Sprint* category, *Younger* does not apply and accordingly poses no barrier to the adjudication of Claim Five."  Docket No. 68 at 23.  The recommendation did not recommend the dismissal of any claims on the basis of the Anti-Injunction Act.  *See generally* Docket Nos. 68-70.  Accordingly, the Court will overrule plaintiff's third objection.

### D.  <u>Objection Four</u>

Plaintiff objects to the magistrate judge's recommendation that the Court dismiss Claims Two and Five, which are his claims for violation of the FDCPA and CCPA, respectively.  Docket No. 75 at 4.  Plaintiff argues that the "FDCPA applies" because defendants are "'debt collectors' misusing process."  *Id.*  Plaintiff argues that the defendants violated by the CCPA by "deceptive practices" and that "[f]raud [is] pled with particularity."  *Id.*

To establish a violation of the FDCPA, a plaintiff must show that: (1) he is a "consumer" under the FDCPA; (2) the debt in question arises out of a transaction entered into primarily for personal, family, or household purposes; (3) that the defendant is a "debt collector" under the FDCPA; and (4) that the defendant violated a provision of the FDCPA.  *See Deporter v. Credit Bureau of Carbon Cnty.,* No. 14-cv-00882-KMT, 2015 WL 1932336, at *3 (D. Colo. Apr. 28, 2015).  The recommendation finds that plaintiff has not plausibly alleged that defendants are "debt collectors" that are subject to the FDCPA.  Docket No. 68 at 14; Docket No. 69 at 15-16; Docket No. 70 at 17-18.

The FDCPA excludes the following as a "debt collector":

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. § 1692a(6)(F).  As the recommendation notes, "[i]n the foreclosure context, the vast majority of courts, especially in this District, have found that foreclosure activities are outside the scope of the FDCPA."  *See* Docket No. 68 at 13-14 (internal quotation and citation omitted).  Plaintiff does not contest that "Alpine is the original creditor on the 2019 loan secured" by the property at issue and that Alpine's counsel's alleged conduct is "squarely within the scope of the procedures established for enforcing a security interest under Colorado law."  *See* Docket No. 68 at 14.  Thus, the Court agrees that the Alpine Defendants, which includes Alpine and its counsel, are not debt collectors under the FDCPA because they were engaged in foreclosure activities and are excluded as debt collectors under 15 U.S.C. § 1692a(6)(F) .  *See id.*  Similarly, the Court agrees that Ms. Ferguson and Ms. Deere are not debt collectors because plaintiff's allegations against them "arise from their role as counsel to . . . the servicer of the loan, and Ferguson's and Deere' efforts to enforce that security interest after Plaintiff's default."  *See* Docket No. 69 at 15.  Regarding Claim Four as asserted against Freedom, the Court agrees that Freedom is not a debt collector because the complaint fails to allege that "Freedom's 'principal purpose' is debt collection, that it 'regularly collects or attempts to collect' debts owed to another, or that it acquired the loan only after it was already in default."  *See* Docket No. 70 at 17 (citing *Williams v. Dovenmuehle Mortg., Inc.*, No. 24-cv-00447-CNS-NRN, 2024 WL 3340984, at *5 (D.

11

Colo. May 23, 2024)).  Furthermore, as is the case for the Alpine Defendants, Ms.

Ferguson, and Ms. Deere, Freedom is not a debt collector because it engaged only in

nonjudicial foreclosure proceedings.  Plaintiff's objection to the dismissal of his FDCPA

claim does not explain how defendants allegedly "misusing processes" renders

defendants debt collectors.  Accordingly, the Court overrules plaintiff's fourth objection

as it relates to the dismissal of his FDCPA claim.

To state a claim under the CCPA, a plaintiff must establish the following

elements:

> (1) that the defendant engaged in an unfair or deceptive trade practice; (2) that
> the challenged practice occurred in the course of defendant's business, vocation,
> or occupation; (3) that it significantly impacts the public as actual or potential
> consumers of the defendant's goods, services, or property; (4) that the plaintiff
> suffered injury in fact to a legally protected interest; and (5) that the challenged
> practice caused the plaintiff's injury.

*Two Moms & a Toy, LLC v. Int'l Playthings, LLC*, 898 F. Supp. 2d 1213, 1219 (D. Colo.

2012)); *see also Renfro v. Champion Petfoods USA, Inc.*, 25 F.4th 1293, 1301 (10th Cir.

2022).  "Due to the CCPA's underlying goal of protecting consumers and the public,

plaintiffs are prohibited from bringing purely private causes of action under the CCPA."

*Examination Bd. of Pro. Home Inspectors v. Int'l Ass'n of Certified Home Inspectors*,

519 F. Supp. 3d 893, 919 (D. Colo. 2021) (citing *Rhino Linings USA, Inc. v. Rocky*

*Mountain Rhino Lining*, 62 P.3d 142, 149 (Colo. 2003)).  To plausibly allege a CCPA

claim, "a plaintiff must meet the heightened pleading requirements pursuant to Rule 9(b)

to prove a deceptive or unfair trade practice."  *See HealthONE of Denver, Inc. v.*

*UnitedHealth Grp. Inc.*, 805 F. Supp. 2d 1115, 1120-21 (D. Colo. 2011).  The

recommendation finds that plaintiff fails to plausibly allege the elements of a CCPA

claim and fails to comply with Rule 9(b). *See* Docket No. 68 at 26; Docket No. 69 at 20;
Docket No. 70 at 27.

The Court agrees that plaintiff fails to plausibly allege a CCPA claim. As the
recommendation notes, plaintiff's CCPA claim fails to allege a significant public impact
and instead focuses on a "single, private dispute over the terms, validity, and
enforcement of a home-equity loan and the resulting foreclosure." *See* Docket No. 68
at 26; Docket No. 69 at 20; Docket No. 70 at 27. "When a transaction is no more than a
private dispute, . . . it may be more difficult to show that the public has an interest in the
subject matter." *Rhino Linings USA, Inc.*, 62 P.3d at 150 (internal quotation and citation
omitted). Plaintiff merely alleges that "other Colorado homeowners" were impacted
without factual support. *See* Docket No. 4 at 6. The Court does not find well-pled
allegations in the complaint that demonstrate the public has an interest in this private
dispute and plaintiff does not cite any such allegations in his objection. Furthermore,
the complaint does not plead with the particularity required by Rule 9(b) that defendants
engaged in deceptive practices. Rather, the complaint contains conclusory statements
such as that defendants' loans lacked consideration, that defendants fraudulently
concealed information regarding the loan, defendants pursued defective foreclosure and
lawsuit processes, and that the debts lacked validity. *See id.* at 7-8. While plaintiff
contends that "[f]raud [is] pled with particularity," plaintiff fails to cite allegations in the
complaint that comply with Rule 9(b). *See* Docket No. 75 at 4. Accordingly, the Court
overrules plaintiff's fourth objection as it relates to the dismissal of his CCPA claim.[3]

---

[3] Plaintiff argues that "[r]es judicata [is] inapplicable." Docket No. 75 at 4.
However, the magistrate judge did not recommend the dismissal of any claims on the
basis of res judicata. *See* Docket No. 68 at 24-25; *see generally* Docket Nos. 69-70.

### E.  Objection Five

Plaintiff objects to the denial of his motion, Docket No. 59, which is titled "Motion to Supplement/Amend Complaint and for Preliminary Injunction with Request for Expedited Consideration and Oral Argument/Hearing."  *See* Docket No. 75 at 4.  In that motion, plaintiff requested a "preliminary injunction stay state enforcement (garnishment, foreclosure)."  *See* Docket No. 59 at 4.  The magistrate judge recommends that plaintiff's request for a preliminary injunction be denied as moot, given that plaintiff has failed to plausibly allege a claim for relief.  *See* Docket No. 71.  Plaintiff does not object to that recommendation.  In his motion, plaintiff also asked for "leave to supplement/amend complaint."  *See* Docket No. 59 at 4.  The magistrate judge granted that request in part, "to the extent [it] seek[s] to supplement the briefing on the Motions to Dismiss."  Docket No. 73.  The magistrate judge denied plaintiff's request to the extent that it "seek[s] any additional relief."  *Id.*

Plaintiff argues that his motion must be granted for "amendment for new facts (retaliation, appeal, bond, no evidence)."  Docket No. 74 at 4.  In his motion, plaintiff provides the "supplemental facts" that he seeks to add to his complaint.  *See* Docket No. 59 at 2-3.  Plaintiff's "supplemental facts" appear to allege that judgment was entered against him in the state case, that he was subject to garnishment, that defendants' motions in the state case were granted while plaintiff's motions were denied, that plaintiff filed an appeal, and that plaintiff is being "financially exhaust[ed]."  *See id.*  Not only did the magistrate judge consider these facts in her recommendation,

14

the Court further finds that plaintiff's motion – to the extent that it seeks to amend his complaint – would be futile.  A motion to amend may be denied for futility "if the complaint, as amended, would be subject to dismissal."  *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).  A district court is justified in denying a motion to amend as futile only if the proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim.  *See Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992).  Plaintiff's supplemental facts do not address any of the deficiencies identified by the magistrate judge in the recommendation.  Accordingly, the Court will overrule plaintiff's fifth objection.[4]

## F. <u>Non-Objected to Portions of the Recommendation</u>

The Court has reviewed the rest of the recommendation to satisfy itself that there are "no clear error[s] on the face of the record."  *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law.

Plaintiff does not object to the magistrate judge's recommendation that Claims One, Three, and Six be dismissed.[5]  The Court agrees with the recommendation's finding that plaintiff fails to plausibly allege a claim pursuant to Rule 12(b)(6) under TILA, *see* Docket No. 69 at 11-15, Docket No. 70 at 11-16, under RESPA, *see* Docket

---

[4] Plaintiff argues that the recommendations "hold to attorney standards" and argues that pro se pleadings should be liberally construed.  Docket No. 75 at 4.  The Court rejects this argument for the same reasons discussed regarding plaintiff's first objection.

[5] To the extent that plaintiff's objection stating that "[f]raud pled with particularity" is directed at the dismissal of Claim Six, *see* Docket No. 75 at 4, the Court rejects plaintiff's argument that he has pled fraud in accordance with Fed. R. Civ. P. 9(b) for the same reasons described regarding plaintiff's fourth objection to the dismissal of his CCPA claim.

No. 70 at 19-23, or for common law fraud and violation of the U.C.C., *see* Docket No. 68 at 27-32, Docket No. 69 at 21-25; Docket No. 70 at 28-32.  Plaintiff does not object to the magistrate judge's recommendation that his motions seeking to add a claim for preliminary injunctive relief be denied given that he fails to state a claim for relief.  *See* Docket No. 71.  Plaintiff also does not object to the recommendation that plaintiff's claims be dismissed with prejudice.  Finding no clear error with the recommendations, the Court will dismiss all of plaintiff's claims with prejudice and deny his motions for a preliminary injunction as moot.

## IV.    CONCLUSION

Therefore, it is

**ORDERED** that Plaintiff's Combined Objections [Docket No. 75] are **OVERRULED**.  It is further

**ORDERED** that the Reports and Recommendations of the United States Magistrate Judge [Docket Nos. 68, 69, 70, 71] are **ACCEPTED**.  It is further

**ORDERED** that the Alpine Defendants' Motion to Dismiss [Docket No. 11] is **GRANTED**.  It is further

**ORDERED** that Ms. Ferguson and Ms. Deere's Motions to Dismiss [Docket Nos. 13, 15] are **GRANTED**.  It is further

**ORDERED** that Freedom's Motion to Dismiss [Docket No. 20] is **GRANTED**.  It is further

**ORDERED** that plaintiff's claims are **DISMISSED with prejudice**.  It is further

ORDERED that this case is closed.

DATED March 26, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge